## BILL HOLT v. STATE.

No. A-4807. Opinion Filed March 14, 1925.
(234 Pac. 216.)

(Syllabus.)

**Robbery—Evidence Sustaining Conviction.** In a prosecution for rob-

bery, evidence held to sustain the conviction, and that **no**
material error was committed on the trial.

Appeal from District Court, Washington County; H. C.
Farrell, Judge.

Bill Holt was convicted of robbery, and he appeals.
Affirmed.

Montgomery & Montgomery, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. Plaintiff in error, Bill Holt, was convicted
of the crime of robbery conjointly committed, and on May
19, 1923, was sentenced to imprisonment in the penitentiary
for a term of seven years, from which judgment an appeal
was taken to this court, but no brief in support of the as-
signments of error has been filed.

The first assignment of error relates to the sufficiency
of the evidence to sustain the judgment.

The evidence on behalf of the state shows that on the
29th day of January, 1923. between 6 and 7 o'clock in
the evening the defendant, Holt, and another man entered
the grocery store owned and conducted by T. C. Henderson
and O. R. McPheeters, on East Second street, Bartlesville,
Charles Terrian and Frank Flores and the store owners
were sitting around the stove. Holt held a gun in his hand
and ordered the men to stand up and go to the back end
of the store, and there the robbers forced the men into
an ice box. Holt took a diamond scarf pin from the person
of T. C. Henderson and jerked a watch chain with a $10
gold piece fob from the person of Frank Flores. They then
took about $30 in money from the cash register and left
the store.

The four persons present identified the defendant, Bill
Holt, as one of the men engaged in the robbery. On be-
half of the defendant, his father and mother and three or

four other witnesses testified that he was at his home on North Kaw street, in Bartlesville, that evening until about 7:30; that he then went to a picture show, returning to his home about 9:30 that night.

Defendant testified in his own behalf that in the early part of the evening he made a trip to a grocery store to get some groceries for supper, came back to the house and stayed until 7:30, then went to a show, returning home about 9:30 that night.

On cross-examination he was asked:

"Q. Did you ever plead guilty to a felony in this court? A. I did.

"Q. What was it, A. Forgery. It was in 1919. I was 19 years of age."

The weight of the evidence was a question of fact for the jury under the instructions of the court which gave the defendant the benefit of all reasonable doubt. This court has uniformly held that, when in a criminal case the inference of guilt can be reasonably drawn from the evidence, it will not ordinarily interfere with the verdict against the defendant.

Several assignments of error are directed to the admission and rejection of testimony.

We have carefully examined them and find no error in the rulings of the court.

While the defendant is not represented in this court, we have carefully gone through the record and find it free from substantial error. There is no question in our minds of the defendant's guilt, and the judgment of the trial court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.